1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10

| | |
|---|---|
| GRACIE BODO, | CASE NO. 2:22-cv-01377-LK |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER |
| v. | |
| BRAD ANGASAN and RENALDA ANGASAN, husband and wife, in personam, and F/V THE NOVARUPTA, Official Number 1302767, her engines, machinery, appurtenances and cargo, in rem, | |
| Defendants. | |

This matter comes before the Court on Plaintiff Gracie Bodo's Motion to Transfer Venue. Dkt. No. 8. Plaintiff requests that this case be transferred to the United States District Court for the District of Alaska because "a question as to jurisdiction has arisen." *Id.* at 1. Defendants have not yet appeared in this action.

For the convenience of parties and witnesses, and in the interest of justice, a district court has discretion to "transfer any civil action to any other district or division where it might have been brought or to any district . . . to which all parties have consented[.]" 28 U.S.C. § 1404(a). District

courts typically weigh the following factors when determining whether transfer is appropriate under § 1404(a):

> (1) [T]he location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses . . . (8) the ease of access to sources of proof[, and (9)] the relevant public policy of the forum state[.]

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). In addition, the court generally affords the plaintiff's choice of forum great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

Although Plaintiff's stated explanation for requesting transfer is rather sparse, *see* Dkt. No. 8, the Court finds that in the interest of justice, and for the convenience of the parties and witnesses, transfer is appropriate. As an initial matter, this action might have originally been brought in the District of Alaska. Plaintiff is seeking damages arising from her work aboard the defendant vessel in Bristol Bay, Alaska between June 28, 2022 and July 17, 2022. Dkt. No. 1 at 2–3. Thus, "a substantial part of the events or omissions giving rise to [Plaintiff's] claim" occurred in Alaska. 28 U.S.C. § 1391(b)(2). Further, Plaintiff alleges that the in personam Defendants are Alaska residents and that the vessel was located in Alaska at the time of the complained-of conduct. *Id.* § 1391(b)(1); *see* Dkt. No. 1 at 1–2; Dkt. Nos. 6, 7. Given Plaintiff's updated choice of forum, the parties' contacts with the forum as it relates to Plaintiff's cause of action, the ease of access to the sources of proof and witnesses in Alaska, Alaska's familiarity with the governing law, and the seemingly negligible differences in the costs of litigation in the two forums, the Court concludes that the § 1404(a) factors weigh in favor of transfer. *See, e.g.*, *Alexander v. Foss Mar. Co. LLC*, No. C19-00370-RSM, 2019 WL 5190811, at *2 (W.D. Wash. Oct. 15, 2019).

1       Based on the foregoing, Plaintiff's Motion to Transfer, Dkt. No. 8, is GRANTED. The

2  above-captioned case is hereby TRANSFERRED to the United States District Court for the

3  District of Alaska for resolution.

4       Dated this 6th day of February, 2023.

5

6                                                    Lauren King
                                                     United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING PLAINTIFF'S MOTION TO TRANSFER - 3